UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MYA M. TRACY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WASHINGTON, et al.., <br><br> Defendants. | Case No. 09-5588RJB <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO JOIN ADDITIONAL PARTY AND LEAVE TO FILE AMENDED COMPLAINT |
| MALACHI TRACY, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON, et al.., <br><br> Defendants. | Case No. 09-5589RJB |

This matter comes before the Court on Plaintiffs' Motion to Join an Additional Party and Motion for Leave to File Amended Complaint (Dkt. 32). The Court has considered the relevant documents and the remainder of the file herein.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 31, 2009, Plaintiffs Mya Tracy and Malachi Tracy filed separate complaints in the Superior Court of Washington State, in Thurston County. 09-5588, Dkt. 1, 09-5589, Dkt. 1. On September 21, 2009 and September 22, 2009, the cases were removed from Washington

ORDER - 1

Superior Court to this court. *Id*. On October 19, 2009, the separate cases were consolidated. Dkt. 17. The Plaintiffs, Mya Tracy, Malachi Tracy, and M.T., a minor, allege several causes of action against Defendants, which include several State Defendants[1], School District Defendants[2], and Jennifer Knight. *Id*. Plaintiffs allege, among other things, negligent training/supervision, outrage, interference with family relations, negligent hiring/retention, slander/defamation, and violations of 42 U.S.C. §§ 1983 and 1985. *Id*. On February 4, 2009, the Plaintiffs filed a Motion to Join an Additional Party and a Motion for Leave to File an Amended Complaint. Dkt. 32.

In the motion, the Plaintiffs' counsel states that at the time of filing, he believed that Defendant Jennifer Knight worked for the Department of Social and Health Services ("DSHS"). Dkt. 32, p. 2. The Plaintiffs' counsel states that he has learned that Ms. Knight worked for Mary Bridge Children's Hospital, a part of Multicare Health Systems. *Id*. Plaintiffs would now like to join Multicare Health Systems and amend the complaint to reflect that Ms. Knight did not work for DSHS, but for Multicare. *Id*. School District Defendants' counsel responds to Plaintiffs' motion by stating that if Plaintiffs' amended complaint makes no changes other than as specified in their motion and Mr. Premble's declaration, counsel for School District Defendants will neither oppose nor support Plaintiffs' motion to join an additional party and for leave to file an amended complaint. Dkt. 40, p. 2. State Defendants have not submitted a response to Plaintiffs' motion.

**II. DISCUSSION**

A party may amend its pleading only with the opposing party's written consent or the court's leave. Fed.R.Civ.P. Rule 15(a)(2). The court should freely give leave when justice so requires. *Id*. In this case, it appears that it is appropriate to allow Plaintiffs to amend their complaint to correctly reflect Ms. Knight's working relationship to the parties. Therefore, leave to amend complaint should be granted.

---

[1] State of Washington, Department of Social and Health Services, Amy and "John Doe" Kernkamp, and Thomas and "Jane Doe" Young.

[2] Federal Way School District, Diana and "John Doe" Holt, Janna and "John Doe" Brown, and Joan and "John Doe" Moser.

ORDER - 2

Persons may be joined if the claims asserted arise out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action. Fed.R.Civ.P. 20(a)(2). While Plaintiffs have not provided the Court with a copy of the amended complaint in order to determine whether joinder would be appropriate, Plaintiff has made claims and alleged facts that relate to Ms. Knight in Plaintiffs' original complaint. Additionally, Plaintiff has alleged Ms. Knight is the employee of Multicare Health Systems in their motion. It would be an inefficient use of judicial resources to deny Plaintiffs' motion to join until the Court is provided with a copy of the amended complaint. Therefore, the Plaintiffs' motion to join an additional party should be granted. However, the Court may drop the party in accordance with Fed.R.Civ.P. 21 if the Plaintiffs do not show that joining Multicare Health Systems is appropriate under Fed.R.Civ.P. 20(a)(2) when they file their amended complaint.

### III. ORDER

The Court does hereby find and ORDER:

(1) Plaintiffs' Motion for Leave to Amend and Motion to Join an Additional Party (Dkt. 32) is **GRANTED**; and

(2) The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 5th day of March, 2010.

Robert J Bryan
United States District Judge

ORDER - 3