1

2

3

4

5

6

7                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
8                                  AT TACOMA

9    MYA M. TRACY, et al.,
                                                Case No.  09-5588RJB
                        Plaintiffs,
10                                              ORDER GRANTING IN PART
          v.                                    AND DENYING IN PART
11                                              DEFENDANTS' MOTIONS FOR
     STATE OF WASHINGTON, et al.,               FEES AND COSTS
12
                        Defendants.
13   ────────────────────────────────

14   MALACHI R. TRACY,

                        Plaintiff,
15
          v.
16
     STATE OF WASHINGTON, et al.,
17
                        Defendants.
18   ────────────────────────────────

19          This matter comes before the Court on Defendants' motions for attorneys' fees and costs

20   (Dkts. 158, 162).  The Court has considered the motion, responses, and the relevant documents

     herein.
21

22                   **I. FACTUAL AND PROCEDURAL BACKGROUND**

23          On July 31, 2009, Plaintiffs Mya Tracy and Malachi Tracy filed a complaint against

24   Defendants Federal Way School District, Diane Holt, Jennifer Brown, Joan Moser, Multicare

ORDER - 1

1   Health System, and Jennifer Knight alleging violations of Plaintiffs' civil rights under §1983 and

2   §1985, and alleging several state tort claims.  Dkt. 1.

3          Plaintiffs Mya and Malachi Tracy's claims against Defendants Federal Way School

4   District, Ms. Holt, Ms. Brown, and Ms. Moser arise from assistant administrator Jenna Brown's

5   June 5, 2006 report to Child Protective Services ("CPS") following kindergarten student M.T.'s

6   disclosure that he was being touched in his genital area by his brother Malachi Tracy.  Dkt. 158,

7   p. 2.  M.T.'s disclosure to Ms. Brown occurred during a 15-minute conversation Ms. Brown had

8   with M.T. when he was sent to her office as a result of a disciplinary issue involving another

9   kindergarten student.  Dkt. 158, p. 2-3.  School Principal Diane Holt and M.T.'s kindergarten

10  teacher, Joan Moser, did not discuss the topic with M.T.  Dkt. 158, p. 3.

11         Ms. Brown and Ms. Holt were contacted by law enforcement regarding the disclosure.

12  Dkt. 158, p. 3.  Ms. Brown and Ms. Holt cooperated in providing answers to law enforcement's

13  questions.  *Id*.  Principal Holt also received follow-up inquiries from CPS to which she

14  responded.  *Id*.  Teacher Joan Moser did not have any involvement in the report to CPS and was

15  not contacted by law enforcement or CPS.

16         Plaintiffs Mya and Malachi Tracy's claims against Defendants Multicare Health System

17  and Jennifer Knight arise from the June 19, 2006, forensic interview of M.T. by Jennifer Knight,

18  an employee of Multicare Health System at the time of the interview.  Dkt. 162, p. 2.

19         On November 2, 2010, the Court issued an order granting Defendants'[1] motions for

20  summary judgment.  Dkt. 154.  The Court stated, in summary, that the Plaintiffs failed to support

21  their allegations with evidence and failed to meet their burden on summary judgment to show a

22  genuine issue of material fact.  *Id*.

23  _____

    [1] Federal Way School District, Diane Holt, Jennifer Brown, Joan Moser, Multicare Health System, and Jennifer
24  Knight

    ORDER - 2

On November 16, 2010, Defendants Federal Way School District, Diane Holt, Jenna Brown and Joan Moser filed a motion for attorneys' fees and expenses and mandatory statutory damages. Dkt. 158. Also on November 16, 2010, Defendants Jennifer Knight and Multicare Health System joined Defendants Federal Way School District, Diane Holt, Jenna Brown and Joan Moser in their motion. Dkt. 162. The Court will consider the two motions (Dkt. 158 & 163) in this single order.

## II. DISCUSSION

**A. School Defendants' Motion for Attorneys' Fees and Expenses and Statutory Damages**

Defendants Federal Way School District, Diane Holt, Jenna Brown and Joan Moser are seeking (1) attorneys' fees for defending against Plaintiffs Mya and Malachi Tracy's federal claims pursuant to 42 U.S.C. §1988; (2) expenses for defending against Plaintiffs Mya and Malachi Tracy's federal claims pursuant to Fed.R.Civ.P. 54(d)(2); and (3) attorneys' fees and expenses for Plaintiffs Mya and Malachi Tracy's state law claims pursuant to RCW 4.84.185. Dkt. 158, p. 2. Defendants Diane Holt, Jenna Brown, and Joan Moser also seek statutory damages from Plaintiffs Mya and Malachi Tracy under RCW 4.24.510, the anti-SLAPP statute. *Id*. Defendants Federal Way School District, Diane Holt, Jenna Brown and Joan Moser assert that fees and damages are proper because Plaintiffs Mya and Malachi Tracy's claims were groundless, frivolous, or unreasonable. *Id*.

### 1. Attorneys' Fees Pursuant to 42 U.S.C. §1988

42 U.S.C. §1988 provides that "[i]n any action or proceeding to enforce a provision of sections… 1983, [or] 1985… the court, in its discretion, may allow prevailing party… a reasonable attorney's fee as part of the cost…." "A district court may award attorneys' fees pursuant to 42 U.S.C. §1988 to a prevailing civil rights defendant if the plaintiff's action was

1    unreasonable, frivolous, meritless, or vexatious." *Franceschi v. Schwartz*, 57 F.3d 828, 832 (9th

2    Cir. 1995)(internal citation and quotes omitted).

3         Defendants Federal Way School District, Diane Holt, Jenna Brown and Joan Moser argue

4    that Plaintiff Mya and Malachi Tracy's §1983 and §1985 claims were frivolous and without

5    merit. Dkt. 158, p. 8. An action is frivolous if it lacks an arguable basis in fact or law. *Schutts*

6    *v. Bently Nevada Corp*., 966 F.Supp. 1549, 1556 (D. Dev. 1997), *citing Neitzke v. Williams*, 490

7    U.S. 319, 325 (1989). An action is meritless, "in the sense it is groundless or without

8    foundation." *Elks National Foundation v. Weber*, 942 F.2d 1480, 1485 (9th Cir. 1991).

9         In this case, Plaintiffs Mya and Malachi Tracy advanced a legal position which was

10   seeking to extend existing law regarding their §1983 claims. It is difficult to say that the claims

11   were without foundation or lacked an arguable basis in fact or law. While it is a close question,

12   the Court should find for Plaintiffs on this issue because the Defendants Federal Way School

13   District, Diane Holt, and Jenna Brown have failed to prove that Plaintiffs' §1983 claims were

14   entirely meritless or frivolous.

15        Plaintiffs Mya and Malachi Tracy, however, wholly failed to support their allegations

16   against Teacher Joan Moser. Plaintiffs alleged that Joan Moser "deprived the Plaintiffs of their

17   fundamental right to their child and brother's companionship, did wrongfully violate the well-

18   established right of family unity." Dkt. 44, p. 11. Plaintiffs failed to present facts regarding Ms.

19   Moser to support the allegation in their amended complaint. Plaintiffs failed to respond to

20   arguments made regarding Ms. Moser in Defendants' motions for summary judgment. Finally,

21   Plaintiffs failed to respond to Defendant Moser's arguments in her motion for attorneys' fees and

22   costs. Plaintiffs have made no arguments regarding Ms. Moser and have not presented any

23   evidence showing Ms. Moser is liable under any causes of actions stated in their complaint. For

24

ORDER - 4

1    these reasons, all claims against Ms. Moser were entirely groundless, frivolous, and

2    unreasonable.

3          Plaintiffs Mya and Malachi Tracy also failed to support their allegations for violation of

4    §1985 against Defendants Federal Way School District, Diane Holt, Jenna Brown and Joan

5    Moser.  Plaintiffs Mya and Malachi Tracy alleged violations of their civil rights under §1985 by

6    Defendants Federal Way School District, Diane Holt, Jenna Brown and Joan Moser, but did not

7    allege any "racial or class-based animus."  Dkt. 44, p. 11-12.  Plaintiffs failed to provide any

8    evidence of "racial or class-based animus" in response to Defendants Federal Way School

9    District, Diane Holt, Jenna Brown and Joan Moser's motions for summary judgment.  Dkt. 154,

10   p. 19-20.  Finally, Plaintiffs failed to respond to Defendants Federal Way School District, Diane

11   Holt, Jenna Brown and Joan Moser's arguments in their motion for attorneys' fees.  Plaintiffs

12   §1985 claims against Defendants Federal Way School District, Diane Holt, Jenna Brown and

13   Joan Moser were frivolous because it lacked any basis in fact or the law.

14         Attorneys' fees should be granted to Defendants Federal Way School District, Diane

15   Holt, Jenna Brown, and Joan Moser because Plaintiffs Mya and Malachi Tracy's §1985 claims

16   and § 1983 claims against Defendant Joan Moser were frivolous.

17         Counsel for Defendants were Tyna Ek, Matthew Miller, and Nancy McCoid.  Tyna Ek

18   was lead counsel and her hourly rate was $225.  Dkt. 159, ¶1, 3.  Matthew Miller's hourly rate

19   was $200.  *Id*.  Nancy McCoid's hourly rate was $200.  *Id*.  Counsel did not itemize their hours

20   by subject matter or task, so the Court is uncertain as to how many hours were spent on specific

21   tasks.  The issues involving Ms. Moser were not complex, but Counsel did respond to Plaintiffs'

22   complaint, responded to discovery requests, and drafted a summary judgment motion and reply

23   all regarding Plaintiff's §1983 claims against Ms. Moser.  Counsel also responded to Plaintiffs'

24

complaint regarding Plaintiffs' §1985 claims, performed legal research regarding Plaintiffs'

§1985 claims, and drafted a summary judgment and reply to an opposition to the summary

judgment regarding Plaintiffs' §1985 claims.  The Court finds that, based on a review of the

record, a reasonable amount of time spent defending Ms. Moser is 8 hours and a reasonable

amount of time spent researching and defending against Plaintiffs' §1985 claims is 8 hours; for a

total of 16 hours.  The Court calculates attorneys' fees as follows:

| Attorney | Allotted Hours | | Rate | | Total |
|---|---|---|---|---|---|
| Tyna Ek | 8 | * | $225 | = | $1,800 |
| Matthew A. Miller | 7 | * | $200 | = | $1,400 |
| Nancy McCoid | 1 | * | $200 | = | $200 |
| | | | Total | = | $3,400 |

The attorneys' fees should be apportioned as follows.  Judgment should be entered in the amount

of $850 in attorneys' fees against Plaintiff Mya Tracy, in favor of Defendants Federal Way

School District, Diane Holt, and Jenna Brown.  Judgment should be entered in the amount $850

in attorneys' fees against Plaintiff Mya Tracy, in favor of Joan Moser.  Judgment should be

entered in the amount of $850 in attorneys' fees against Plaintiff Malachi Tracy, in favor of

Defendants Federal Way School District, Diane Holt, and Jenna Brown.  Judgment should be

entered in the amount of $850 in attorneys' fees against Plaintiff Malachi Tracy, in favor of Joan

Moser.

### 2. Expenses pursuant to Fed.R.Civ.P. 54(d)(2)

Fed.R.Civ.P. 54(d)(2) states that a "claim for attorneys' fees and related nontaxable

expenses must be made by motion…."  The Court does not address attorneys' fees incurred

defending Plaintiffs' federal claims under Fed.R.Civ.P. 54(d)(2) because they were granted

under 42 U.S.C. §1988.  Local Rule CR 54 states that "[a]ll costs shall be specified, so that the

nature of the charge can be readily understood."

Defendants Federal Way School District, Diane Holt, Jenna Brown, and Joan Moser provide a table summarizing their expenses by billing period and category. Dkt. 159, p. 7. The Defendants do not show why these expenses were incurred and do not provide supporting documentation. The Court is uncertain whether these expenses were incurred in performing discovery, drafting motions, or advising clients. The Court is unable to attribute expenses incurred in defending Ms. Moser or defending against Plaintiffs' §1985 claims and is unable to determine if the expenses were reasonable and necessary. Therefore, Defendants Federal Way School District, Diane Holt, Jenna Brown, and Joan Moser request for expenses should be denied.

### 3. Attorneys' Fees and Expenses Pursuant to RCW 4.84.185 for State Law Claims

RCW 4.84.185 states:

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense.

Defendants Federal Way School District, Diane Holt, Jenna Brown, and Joan Moser argue that Plaintiffs Mya and Malachi Tracy's State law claims were frivolous and without merit. Dkt. 158, p. 8. Plaintiffs failed to survive summary judgment because they did not make an adequate showing. It is, however, arguable that Plaintiffs Mya and Malachi Tracy had reasonable claims against Defendants Federal Way School District, Diane Holt, and Jenna Brown for violations of State law. It is not arguable that State claims against Defendant Joan Moser were not frivolous.

Plaintiffs failed to present facts regarding Ms. Moser to support their allegations in their amended complaint. Plaintiffs failed to respond to Defendants' motions for summary judgment regarding Ms. Moser. Finally, Plaintiffs failed to respond to Defendant Moser's arguments in

her motion for attorneys' fees, expenses, and costs.  Plaintiffs have made no arguments regarding Ms. Moser and have not presented any evidence showing Ms. Moser is liable under any causes of actions stated in their complaint.  For these reasons, the State law claims against Ms. Moser were frivolous, and Defendant Joan Moser is entitled to attorneys' fees and expenses under RCW 4.84.185.

As noted above, Defendants' Counsel has not provided the Court with a detailed accounting of attorneys' fees and expenses.  The Court finds that a reasonable amount of time spent in defending Defendant Joan Moser against Plaintiffs' State law claims is 8 hours.  The issues involving Ms. Moser were not complex, but Counsel did respond to Plaintiffs' complaint, responded to discovery requests, and drafted a summary judgment motion and reply.  Attorneys' fees are calculated as follows:

| Attorney | Allotted Hours | | Rate | | Total |
|---|---|---|---|---|---|
| Tyna Ek | 4 | * | $225 | = | $900 |
| Matthew A. Miller | 3.5 | * | $200 | = | $700 |
| Nancy McCoid | 0.5 | * | $200 | = | $100 |
| | | | Total | = | $1,700 |

Judgment should be entered in the amount of $850 in attorneys' fees against Plaintiff Mya Tracy, in favor of Defendant Joan Moser.  Judgment should be entered in the amount of $850 in attorneys' fees against Plaintiff Malachi Tracy, in favor of Defendant Joan Moser.

The Court is unable to determine which expenses may be attributed to the defense of Defendant Joan Moser and whether they were reasonable and necessary.  Therefore, the Court does not award expenses.

### 4. Statutory Damages Pursuant to RCW 4.24.510 – Anti-SLAPP Statute

Defendants Federal Way School District, Diane Holt, Jenna Brown, and Joan Moser assert that they are entitled to fees, expenses, and statutory damages under RCW 4.24.510.  Dkt.

158, p. 7.  Plaintiffs state that Defendants Federal Way School District, Diane Holt, Jenna

Brown, and Joan Moser did not act in good faith and, therefore, the lack of good faith acts as a

bar against the application of RCW 4.24.510.  Dkt. 165.

RCW 4.24.510, the anti-SLAPP statute, provides that a "person who communicates a

complaint or information to any branch or agency of federal, state, or local government… is

immune from civil liability for claims based upon the communication to the agency or

organization regarding any matter reasonably of concern to that agency or organization."

Further, a "person prevailing upon the defense provided for in this section is entitled to recover

expenses and reasonable attorneys' fees incurred in establishing the defense and in addition shall

receive statutory damages of ten thousand dollars."  RCW 4.24.510.  "Statutory damages may be

denied if the court finds that the complaint or information was communicated in bad faith."  *Id*.

A government agency is not a "person" under RCW 4.24.510.  *Segaline v. Department of

Labor and Industries*, 169 Wash.2d 467, 473 (2010).  Defendant Federal Way School District is

not entitled to statutory damages or attorneys' fees and expenses under RCW 4.24.510.

Defendants Diane Holt, Jenna Brown, and Joan Moser argue that since they were sued in their

individual capacity that they are "persons" under RCW 4.24.510 and, therefore, entitled to

statutory damages, attorneys' fees, and expenses.  *Segaline*, however, did not state that

government employees performing their governmental duties and sued in their individual

capacity may recover under RCW 4.24.510.  The Court declines to extend the law without

justification.

Additionally, Defendants Federal Way School District, Diane Holt, Jenna Brown, and

Joan Moser were defended by the same counsel.  This would imply that the Diane Holt, Jenna

Brown, and Joan Moser were acting in their official capacity with the Federal Way School

ORDER - 9

1    District and, therefore, not protected under RCW 4.24.510.  Defendants Diane Holt, Jenna

2    Brown, and Joan Moser also have not shown that they would have been exposed to individual

3    liability and have not shown that RCW 4.24.510 should apply.  For the foregoing reasons,

4    Defendants Federal Way School District, Diane Holt, Jenna Brown, and Joan Moser may not

5    recover statutory damages or attorneys' fees and expenses under RCW 4.24.510.  The Court

6    need not address the parties' arguments regarding a finding of good faith since the Court has

7    found RCW 4.24.510 does not apply.

8        **5. Summary**

9        Defendants Federal Way School District, Diane Holt, Jenna Brown, and Joan Moser are

10   denied costs and expenses.

11       Defendants Federal Way School District, Diane Holt, and Jenna Brown are awarded

12   attorneys' fees in the amount of $1,700 for the defense of Defendants Federal Way School

13   District, Diane Holt, and Jenna Brown against Plaintiffs' §1985 claims.  Half the award should

14   be against each Plaintiff; $850 against Plaintiff Mya Tracy and $850 against Plaintiff Malachi

15   Tracy.

16       Defendant Joan Moser is awarded attorneys' fees in the amount of $1,700 for the defense

17   of Ms. Moser against Plaintiffs' §1983 claims.  Half the award should be against each Plaintiff;

18   $850 against Plaintiff Mya Tracy and $850 against Plaintiff Malachi Tracy.

19       Defendant Joan Moser is also awarded attorneys' fees in the amount of $1,700 for the

20   defense of Ms. Moser against Plaintiffs' State law claims.  Half the award should be against each

21   Plaintiff; $850 against Plaintiff Mya Tracy and $850 against Plaintiff Malachi Tracy.

22   **B.  Defendant Knight and MHS's Motion for Attorneys' Fees and Costs**

23       Defendants Knight and Multicare Health System ("MHS") are requesting attorneys' fees,

24

1    expenses, and costs under Fed.R.Civ.P. 54(d)(2), 42 U.S.C. §1988, and RCW 4.84.185.  Dkt.

2    162, p. 1.  Defendants Knight and MHS argue that Plaintiffs Mya and Malahci Tracy's claims

3    were frivolous.  Dkt. 162.

4         **1. Attorneys' Fees**

5         Plaintiffs Mya and Malachi Tracy argue that attorneys' fees should not be granted

6    because their §1983 claims and State law claims were not frivolous.  Dkt. 169, p. 8.  Plaintiffs

7    make no response to Defendants Knight and MHS's arguments regarding Plaintiffs' §1985

8    claims.

9         As noted above, it is arguable that Plaintiffs Mya and Malachi Tracy's §1983 and State

10   law claims were frivolous.  The Court finds that Plaintiff Mya Tracy's and Plaintiff Malachi

11   Tracy's §1983 claims were not frivolous.

12        Plaintiffs, however, have entirely failed to support or advance their §1985 claims.  As

13   noted above, Plaintiffs did not support their §1985 claims with facts or allegations of racial or

14   classed based animus in their complaint.  Plaintiffs failed to respond to arguments made by

15   Defendants Jennifer Knight and MHS in their motion for summary judgment.  Finally, Plaintiffs'

16   failed to respond to arguments made by Defendants Jennifer Knight and MHS in their motion for

17   attorneys' fees.  Plaintiffs Mya and Malachi Tracy's §1985 claims against Defendants Knight

18   and MHS were frivolous and unreasonably advanced.  Attorneys' fees should be granted in

19   Defendants Knight's and MHS's favor, and against Plaintiff Mya and Malachi Tracy pursuant to

20   42 U.S.C. §1988.

21        David Corey is one attorney defending Defendants Jennifer Knight and MHS.  Dkt. 162,

22   ¶ 2.  Defendants' counsel does not state who else provided for the defense of Defendants Jennifer

23   Knight and MHS.  Counsel also fails to specify the exact rate at which clients were billed.

24

Counsel only states that the firm's hourly rates are: $200- $210per hour for partners and $180 per

hour for associates.  Dkt. 162, ¶ 5.  Given the ambiguity of who performed what tasks and in

what amount, the Court finds that a reasonable rate is $190 per hour.  As noted above, the Court

finds that a reasonable number of hours needed to defend against Plaintiffs Mya and Malachi

Tracy's § 1985 claims is 8 hours.  Therefore, the calculation for attorneys' fees is as follows:

| Attorney | Allotted Hours | | Rate | | Total |
|---|---|---|---|---|---|
| Defendant Jennifer Knight and MHS's Counsel | 8 | * | $190 | = | $1,520 |
| | | | Total | = | $1,520 |

Attorneys' fees should be entered in the amount of $1,520 against Plaintiffs Mya and Malachi

Tracy, in favor of Defendants Jennifer Knight and MHS.

### 2. Costs

Plaintiffs argue that costs should not be granted because Defendants Jennifer Knight and

MHS failed to follow appropriate procedure under Local Rule CR 54.  Plaintiffs also argue that

Plaintiffs should not be taxed costs because of their limited financial means, because of the

chilling effect such taxation would have on future plaintiffs, because the good faith of the

Plaintiffs' litigation, and because of the closeness of the issues.  Dkt. 169, p. 5.

Local Rule CR 54 states that "[a]ll costs shall be specified, so that the nature of the

charge can be readily understood."  Defendants Jennifer Knight and MHS have not adequately

detailed costs in this matter.  Defendants Jennifer Knight and MHS only state that they have

incurred costs and expenses in the amount of $4,554.45. Dkt. 162, p. 11.  The Court is uncertain

as to whether or not these costs were necessarily incurred in this action.  The expenses are

merely a sum with no further detail.  Defendants Jennifer Knight and MHS's motion for costs

should be denied because they are not in accordance with local rule CR 54 and the Court is

unable to determine if they are reasonable and necessary.

ORDER - 12

1  **3. Summary**

2      Defendants Jennifer Knight's and MHS's request for costs and expenses should be

3  denied.  Defendants Jennifer Knight and MHS are awarded attorneys' fees in the amount of

4  $1,520 for the defense of Defendants Jennifer Knight and MHS against Plaintiffs' §1985 claims.

5  Half of the total attorneys' fees should be attributed to each Plaintiff.  Judgment should be

6  entered in the amount of $760 against Plaintiff Mya Tracy in favor of Defendants Jennifer

7  Knight and MHS.  Judgment should be entered in the amount of $760 against Plaintiff Malachi

8  Tracy in favor of Defendants Jennifer Knight and MHS.

9                                          **III. ORDER**

10      The Court does hereby find and **ORDER**:

11  (1)      School Defendants' Motion for Attorneys' Fees and Expenses and Mandatory

12          Statutory Damages (Dkt. 158) is **GRANTED IN PART AND DENIED IN**

13          **PART**;

14          (a) Judgment is entered in the amount of $850 against Plaintiff Mya Tracy in

15          favor of Defendants Federal Way School District, Diane Holt, and Jenna Brown;

16          (b) Judgment is entered in the amount of $1,700 against Plaintiff Mya Tracy in

17          favor of Defendant Joan Moser;

18          (c) Judgment is entered in the amount of $850 against Plaintiff Malachi Tracy in

19          favor of Defendants Federal Way School District, Diane Holt, and Jenna Brown;

20          (d) Judgment is entered in the amount of $1,700 against Plaintiff Malachi Tracy in

21          favor of Defendant Joan Moser;

22  (2)      Defendant Knight and MHS's Motion for Attorneys' Fees and Costs (Dkt. 162) is

23          **GRANTED IN PART AND DENIED IN PART**;

24

1        (a) Judgment is entered in the amount of $760 against Plaintiff Mya Tracy in

2        favor of Defendants Jennifer Knight and MHS;

3        (b) Judgment is entered in the amount of $760 against Plaintiff Malachi Tracy in

4        favor of Defendants Jennifer Knight and MHS; and

5    (3)    The Clerk is directed to send copies of this Order to all counsel of record and any

6        party appearing *pro se* at said party's last known address.

7

8    DATED this 27th day of December, 2010.

9

10

11    ROBERT J. BRYAN
      United States District Judge

ORDER - 14